UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET GENTILE  )<br>    Plaintiff  )<br>  )<br>  )<br>  )<br>v.  )<br>  )<br>COLLECTO, INC. d/b/a EOS CCA  )<br>    Defendant  )<br>_____)  | CIVIL ACTION<br><br>JURY TRIAL CLAIMED<br><br><br><br><br>APRIL 28, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Margaret Gentile, is a natural person residing in East Windsor, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant, Collecto, Inc. d/b/a EOS CCA ("Collecto"), is a corporation located in Massachusetts and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

5. This Court has jurisdiction over Collecto because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. Verizon had claimed that Plaintiff owed an alleged consumer debt on a Verizon account (the "Account").

8. Between September and December 2010, Plaintiff had contacted Verizon on multiple occasions and informed them that she was filing for bankruptcy and that the Account was going to be included in her bankruptcy filing, and she provided Verizon with her bankruptcy attorney's contact information and requested that Verizon direct all future communications not to Plaintiff but to her bankruptcy attorney.

9. Notwithstanding having been informed by Plaintiff of her bankruptcy and her bankruptcy attorney's contact information, Verizon assigned the Account to Collecto for collection purposes.

10. On or around January 3, 2011, in an attempt to collect on the Account, Collecto called the home of Plaintiff's daughter, who was not liable for and had no relation to the Account; in that call, Collecto left a message that it was trying to reach Margaret, and it provided a telephone number for Collecto.

11. Plaintiff's daughter called Plaintiff and relayed the message, and this caused Plaintiff to suffer considerable embarrassment and shame.

12. On or around January 3, 2011, Plaintiff called the number that Collecto had provided to her daughter and spoke with a Collecto representative who referred to himself as Drake, and during that call, Margaret told Drake that she was filing for

bankruptcy and that the Account was going to be included in her bankruptcy filing, and she provided him with her bankruptcy attorney's contact information and requested that Collecto direct all future communications to her bankruptcy attorney only.

13. On or around January 24, 2011, a Collecto representative named Jesse called and spoke with Plaintiff in an attempt to collect on the Account.

14. Collecto violated the FDCPA and CUTPA by its collection activities described above.

WHEREFORE, the Plaintiff seeks from Collecto recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, MARGARET GENTILE**

By: /s/Daniel S. Blinn_____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457